IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOUNT VERNON FIRE INSURANCE COMPANY,

    Plaintiff,

Versus                                      Cause No. _____

JOE J. CORRIS, ELMO MONTOYA,
E.M.M.B., INC., CALLE PROPERTIES, LLC,
CHENAC, LLC, AND E&T PROPERTIES, LLC.,

    Defendants.

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Mount Vernon Fire Insurance Company ("Mt. Vernon"), through its counsel of record, Madison & Mroz, P.A., for its Complaint for Declaratory Judgment, states as follows:

*General Allegations*

1. Mt. Vernon is a Pennsylvania corporation with its principal place of business in the state of Pennsylvania.

2. Defendants Joe J. Corris and Elmo Montoya are residents of the State of New Mexico.

3. Defendants E.M.M.B., Inc. is or was, upon information and belief, a New Mexico corporation with its principal place of business in New Mexico.

4. Defendants Calle Properties, LLC, Chenac, LLC, and E&T Properties, LLC, are or were, upon information and belief, Limited Liability Companies formed under the laws of the state of New Mexico with their principal places of business in New Mexico. No members of these LLCs reside in the states of Maryland or Pennsylvania.

5. Complete diversity of citizenship exists between the plaintiff and defendants.

1

6. The amount in controversy exceeds $75,000, exclusive of costs, attorneys' fees and interest.

7. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C., Sec. 1332.

8. The Court has jurisdiction over the parties.

9. Venue is appropriate in this Court.

10. Any actual and judiciable controversy exists between these parties. Pursuant to 28 U.S.C. section 2201, the Court should exercise its jurisdiction to determine the rights and other legal relations of these parties under a contract of insurance.

*The Insurance Policy*

11. Mt. Vernon issued insurance policy no. CP 2566905 to a Partnership consisting of Jerome Ruther and Elmo Montoya. The policy was in effect from July 27, 2011 through July 27, 2012.

**12.** The policy premium computation is based upon a classification of **Buildings or Premises – Bank or office – mercantile or manufacturing (lessor's risk only) – maintained by the insured (other than not-for-profit).**

13. With respect to the persons covered under the Mt. Vernon policy, the policy states:

> If you are designated in the Declarations as:
>
> . . .
>
> A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

14. The policy provides coverage for claims of "bodily injury" caused by an "occurrence."

15. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. The policy contains an "Assault" or "Battery" Exclusion reading as follows:

    This insurance does not apply to:

    > Any claim, demand or 'suit' based on 'assault' or 'battery', or out of any act or omission in connection with the prevention or suppression of any 'assault' or 'battery', including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its 'employees', agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or 'suit' in which the underlying operative facts constitute 'assault' or 'battery'.
    > This exclusion applies to all 'bodily injury', 'property damage' or 'personal and advertising injury' sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving 'assault' or 'battery' whether alleged, threatened or actual including but not limited to 'assault' or 'battery' arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:
    >
    > a. Hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or
    > b. Investigation or reporting any 'assault' or 'battery' to the proper authorities; or
    > c. The failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its 'employees', agents, officers or directors; or
    > d. Any acts or omissions of any insured, its employees, agents, officers, directors, patrons or other persons resulting from any 'assault' or battery' and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any 'bodily injury', 'property damage', or 'personal and advertising injury' to any person.

    'Assault' means the threat or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

    'Battery' means negligent or intentional wrongful physical contact with another without consent that results in physical or emotional injury. . . .

17. The policy contains a liquor liability exclusion reading as follows:

    This insurance does not apply to:
    . . .

**c. Liquor Liability**

'Bodily injury' or 'property damage' for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

18. The policy contains a punitive damages exclusion reading as follows:

PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.

If a 'suit' is brought against any insured, and falls within the coverage provided by the policy, seeking both compensatory damages (damages for economic loss and pain and suffering) and punitive or exemplary damages (damages as a means of punishment), no coverage shall be provided by this policy for any costs, interest, defense costs, attorney or legal fees of any type or damages attributable to punitive or exemplary damages. . . .

19. The policy contains a Classification Limitation Endorsement reading as follows:

Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

No coverage is provided for any classifications and codes not specifically listed on the Declarations page of this policy.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect of the effective date of your policy unless another effective date is shown.

20. The classification in the declarations is "Buildings or Premises – bank or office – mercantile or manufacturing (lessor's risk only) – maintained by the insured – Other than Not-For-Profit only."

21. The policy contains an intentional acts exclusion reading as follows:

This insurance does not apply to:

4

    a. **Expected or Intended Injury**

    'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property.

*The Underlying Lawsuit.*

22. Joe J. Corriz has brought suit against Elmo Montoya d/b/a Cheeks Nightclub alleging that Mr. Montoya owns and operates the Cheeks Nightclub. The case is Cause number D-101-CV-2014-01193 of the First Judicial District Court of the State of New Mexico and is referred to herein as "The Underlying Lawsuit."

23. Mr. Corriz further alleges that, due to inadequate security and the sale of alcohol to intoxicated patrons, Mr. Corriz and his cousin were caught in a physical altercation with two men.

24. Mr. Corriz further alleges that an employee of Cheeks knew a male patron was likely to pull a gun from his vehicle and failed to take adequate steps to prevent this patron from harming other customers.

25. Mr. Corriz further alleges that Mr. Montoya did not have the protective measures in place to prevent patrons who were known to carry and conceal weapons from entering the nightclub.

26. In the Underlying Lawsuit, Mr. Corriz has also named E.M.M.B. Inc., Calle Properties, L.L.C., Chenac, L.L.C. and E&T Properties, L.L.C. Despite having sued those entities, Mr. Corriz has not pleaded any factual or legal allegations against them.

27. Mt. Vernon is defending Elmo Garcia d/b/a Cheeks Nightclub under a reservation of rights.

## COUNT I – ASSAULT AND BATTERY EXCLUSION

28. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 26.

29. The Mt. Vernon policy's assault and battery exclusion applies to exclude coverage for any and all claims Mr. Corriz brings in the underlying lawsuit.

30. Because of the assault and battery exclusion, Mr. Vernon has no duty to defend or indemnify any Defendant in the underlying litigation.

## COUNT II – CLASSIFICATION LIMITATION ENDORSEMENT

31. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 38.

32. Mt. Vernon's policy only covers Mr. Montoya to the extent he is the lessor of a bank or office, mercantile or manufacturing building.

33. Mr. Corriz does not allege that Mr. Montoya is a lessor of the Cheeks Nightclub. To the exact contrary, Mr. Corriz alleges that Mr. Montoya owns and operates the night club.

34. The Mt. Vernon policy does not cover Mr. Montoya for the allegations of the underlying lawsuit.

35. Mt. Vernon has no duty to defend or indemnify Mr. Montoya in the underlying lawsuit.

## COUNT III – NO COVERAGE FOR MR. MONTOYA FOR CLAIMS NOT ARISING FROM THE PARTNERSHIP

36. Mt. Vernon incorporates by reference the allegations of paragraphs 1 -32.

37. The Mt. Vernon policy provides coverage to Mr. Montoya only with respect to his capacity as a partner in the Partnership between him and Jerome Ruther.

38. Mr. Corriz has brought no claim against Jerome Ruther or against the partnership.

39. Mr. Corriz has brought no claim against Mr. Montoya in his capacity as a partner of the partnership between him and Jerome Ruther.

40. The Mr. Vernon policy does not cover Mr. Montoya for the allegations of this lawsuit.

41. Mt. Vernon has no duty to defend or indemnify Mr. Montoya in the underlying lawsuit.

### COUNT IV – LIQUOR LIABILITY EXCLUSION

42. Mt. Vernon incorporates by reference the allegations of paragraphs 1 -29.

43. The Mt. Vernon policy's liquor liability exclusion applies to exclude coverage for any and all claims Mr. Corriz brings in the underlying lawsuit.

44. Because of the liquor liability exclusion, Mr. Vernon has no duty to defend or indemnify any Defendant in the underlying litigation.

### COUNT V – DEFENDANTS OTHER THAN MR. MONTOYA

45. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 43.

46. The Mt. Vernon policy does not insure E.M.M.B., Inc., Calle Properties, L.L.C., Chenac, L.L.C. or E&T Properties, L.L.C.

47. Mr. Corriz makes no factual or legal allegations against E.M.M.B., Inc., Calle Properties, L.L.C., Chenac, L.L.C. or E&T Properties, L.L.C. in the underlying lawsuit.

48. Mt. Vernon has no duty to defend or indemnify E.M.M.B., Inc., Calle Properties, L.L.C., Chenac, L.L.C. or E&T Properties, L.L.C. in the underlying lawsuit.

### COUNT VI – NO OCCURRENCE

49. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 47.

50. The Mt. Vernon policy provides coverage for an "occurrence" which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

51. Some or all of the allegations in the Underlying Lawsuit do not amount allegations of an "occurrence."  Without limiting the scope of this sentence, Counts II and III of the Underlying Lawsuit do not allege any occurrence.

52. Mt. Vernon has no duty to indemnify any party in the Underlying Lawsuit against any allegation that does not amount to an "occurrence."

## COUNT VII – PUNITIVE DAMAGES

53. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 51.

54. The Mt. Vernon policy's punitive damages exclusion excludes coverage for Count II of Mr. Corriz's complaint.

55. Mt. Vernon has no duty to indemnify Mr. Montoya for any punitive damages claim.

## COUNT VII – EXPECTED INJURY EXCLUSION

56. Mt. Vernon incorporates by reference the allegations of paragraphs 1 – 54.

57. Mr. Corriz implicitly alleges that Mr. Montoya expected the shooting injury.

58. Mt. Vernon has no duty to indemnify Mr. Montoya for any express or implied claim that Mr. Montoya expected the injury to Mr. Corriz.

WHEREFORE, Mt. Vernon respectfully requests the following relief:

a. That the Court declare that Mt. Vernon has no duty to indemnify any party to the Underlying Lawsuit;

b. That the Court relieve Mt. Vernon of any obligation it may have to continue to defend any party to the Underlying Lawsuit;

c. That the Court order that Joe J. Corriz, Elmo Montoya, E.M.M.B., Inc, Calle Properties, LLC, Chenac LLC and E&T Properties, LLC are bound by the Court's determinations; and

d. That the Court award Mt. Vernon its costs, attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted:

Madison & Mroz, P.A.

_____
Gregory D. Steinman
PO Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
*Attorney for Plaintiff*